United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEVIN ARGUELLO,
Plaintiff,
v.
R.E.S.A., INC.,
Defendant.

Case No. 26-cv-05536-JSC

**ORDER RE: DEFENDANT'S MOTION TO DISMISS**

Re: Dkt. No. 24

Plaintiff Kevin Arguello alleges Defendant R.E.S.A., Inc. sent him—and other members of a putative class—more than one unsolicited "marketing text message" before 8 a.m. or after 9 p.m. within a 12-month period in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(c)(5) (Dkt. No. 18 ¶¶ 13-16.) Pending before the court is Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint. (Dkt. No. 24). Defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing 47 U.S.C. § 227(c)(5) does not apply to text messages. After carefully considering the parties' written submissions, and having had the benefit of oral argument on October 22, 2026, the Court DENIES Defendant's motion because text messages qualify as "telephone calls" under 47 U.S.C. § 227(c)(5).

**BACKGROUND**

Plaintiff alleges Defendant is engaged in unlawful telephone solicitations. (Dkt. No. 18 ¶¶ 13-16.) On July 2, 2025, and September 29, 2025, Defendant "through its real estate sales agent Shana Lynn Kouse made [two] telephone solicitations" via text message "to Plaintiff's cellular telephone … initiated at 7:36 am, and 7:14 am in Plaintiff's time zone." (*Id.* ¶¶ 15-16.)

Based on Defendant's two text messages, Plaintiff brings one TCPA claim under 47 U.S.C. § 227(c)(5). (*Id.* ¶¶ 34-40.) Specifically, Plaintiff alleges Defendant sent "more than one

telephone call within a[] 12-month period" in violation of the TCPA's implementing regulation, 47 C.F.R. § 64.1200(c)(1), which prohibits any initiation of telephone solicitations to telephone subscribers before 8 a.m. or after 9 p.m. local time. (*Id.* ¶¶ 35-38.) Plaintiff requests an award of statutory damages, as well as declaratory and injunctive relief requiring Defendant to comply with 47 C.F.R. § 64.1200(c)(1), on behalf of himself and the putative class. (*Id.* at 9.)

**LEGAL STANDARD**

A complaint should be dismissed under Rule 12(b)(6) if it lacks sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks and citations omitted). A claim is facially plausible when it "plead[s] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Dismissal under Rule 12(b)(6) is proper when the complaint "lacks a cognizable legal theory" or "fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013) (citation omitted).

**DISCUSSION**

Defendant primarily argues Plaintiff's complaint fails because 47 U.S.C. § 227(c)(5)—the statute under which Plaintiff sues—applies exclusively to telephone calls, and that text messages are not telephone calls. Defendant relies on *Steidinger v. Blackstone Medical Services*, 182 F.4th 532, 535 (7th Cir. 2026), in which the Seventh Circuit concluded "texts are not calls, so § 227(c)(5) d[id] not authorize the plaintiff's suit." Defendant now asks this Court to apply *Steidinger's* statutory interpretation analysis to conclude that § 227(c)(5) does not cover text messages in this case. But to apply *Steidinger* would require the Court to contravene binding Ninth Circuit precedent. *See Rebecka Miller v. S. Brown & Assocs., Inc.*, No. 2:26-CV-01480-MWC-SSC, 2026 WL 2855518, at *4 (C.D. Cal. Sept. 22, 2026).

The Court instead applies, as it must, the Ninth Circuit governing law of *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946 (9th Cir. 2009), and *Howard v. Republican National Committee*, 164 F.4th 1119 (9th Cir. 2026), which held "a 'text message' constitutes a 'call' within the meaning of the TCPA." *Howard*, 164 F.4th at 1123. In both cases, the Ninth Circuit applied traditional canons of statutory construction to conclude the TCPA's language, including

the "ordinary, contemporary, common meaning" of the term "call," as well as the TCPA's stated purpose "to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object," 47 U.S.C. § 227(c)(1), supported the conclusion that text messages are "calls" under the statute. *See Satterfield*, 569 F.3d at 953-54; *Howard*, 164 F.4th at 1122-24.

Defendant's attempt to distinguish *Satterfield* and *Howard* on the grounds both decisions arose in the context of TCPA § 227(b) rather than § 227(c) is unpersuasive. First, in *Satterfield* and *Howard*, the Ninth Circuit articulated a general definition of "call" as used in the TCPA and did not confine its statutory analysis to § 227(b) or otherwise limit the scope of its holdings. *See Edwards v. Juan Martinez, Inc.*, No. 2:20-CV-00570-ART-DJA, 2026 WL 2071059, at *5 n.4 (D. Nev. July 16, 2026); *see also Howard*, 164 F.4th at 1123 ("[T]hose same two points support the conclusion that a 'text message' constitutes a 'call' within the meaning of *the TCPA*.") (emphasis added); *id.* at 1124 ("That critical fact confirms that a text message is properly deemed to be a 'call' within the meaning of *the TCPA*.") (emphasis added); *Satterfield*, 569 F.3d at 954 (affording the FCC deference to "hold that a text message is a 'call' within *the TCPA*.") Because "both cases state that their holdings apply to 'the TCPA' … that is how this Court interprets them." *Taha v. Momentive Software, Inc.*, No. 8:25-CV-02330-DOC-JDE, 2026 WL 974297, at *3 (C.D. Cal. Mar. 11, 2026).

Second, under the presumption of consistent usage, a word is presumed to bear the same meaning throughout a statute's text. *United States v. Paulson*, 68 F.4th 528, 555 (9th Cir. 2023). So, applying that canon of statutory construction, the Court must presume that to "receive" a "telephone call" within the meaning of § 227(c)(5) applies to text messages the same as "to make any call" and "to initiate any telephone call" within the meaning of § 227(b). Defendant's insistence "call" means something different in § 227(c)(5) than in § 227(b) because § 227(b) is "broader in [the communications] it prohibits" than § 227(c) (Dkt. No. 24 at 6) is nonsensical and does not rebut the presumption.

Third, both the ordinary meaning of "call," which refers to an "attempt to communicate by telephone," *Satterfield*, 569 F.3d at 953 n.3, and the TCPA's declared purpose to protect privacy



United States District Court
Northern District of California

rights, *Howard*, 164 F.4th at 1124, support interpreting "telephone call" in § 227(c)(5) as including text messages. In fact, "[n]othing in the statutory text or ordinary use of the term supports assigning a different meaning." *Hopkins v. Homelight, Inc.*, No. 26-cv-5017-BHS, 2026 WL 2017320, at *3 (W.D. Wash. July 13, 2026). And neither the ordinary meaning analysis nor the legislative purpose analysis turn on any unique aspect of subsection (b) of § 227. So, "the same logic and reasoning underlying [*Satterfield* and *Howard*] applies with equal force to § 227(c)." *Id*. The Court thus joins every other district court in the Ninth Circuit in concluding text messages constitute calls under § 227(c)(5). *See., e.g.*, *S. Brown & Assocs.*, 2026 WL 2855518, at *4; *Hopkins*, 2026 WL 2017320, at *3-4; *Miller v. Direct Gen. Ins. Agency, Inc*, No. 2:26-CV-01480-MWC-SSC, 2026 WL 1708531, at *4 (C.D. Cal. June 8, 2026); *D'Agostino v. Circle K Stores Inc.*, No. CV-26-01225-PHX-JAT, 2026 WL 1098239, at *5 (D. Ariz. Apr. 23, 2026); *Wilson v. Cirkul Inc.*, No. 6:25-cv-02036-AP, 2026 WL 1508003, at *5 (D. Or. Apr. 14, 2026); *Taha*, 2026 WL 974297, at *3; *Esquivel v. Mona Lee, Inc.*, No. 3:25-CV-00607-H-BLM, 2025 WL 3275607, at *3 (S.D. Cal. Nov. 24, 2025). Accordingly, Plaintiff plausibly alleges sufficient facts to state a claim under § 227(c)(5).

Defendant also briefly suggests in its initial motion to dismiss that the "quiet-hours" implementing regulation, which prohibits initiating telephone solicitations to "*residential telephone subscribers* before 8:00 a.m. or after 9:00 pm local time," 47 C.F.R. § 64.1200(c)(1) (emphasis added), "may not apply to Plaintiff [because] the text was sent to a cellular phone, not a residential land line." (Dkt. No. 24 at 7.) In doing so, Defendant overlooks paragraph (e) of the regulation, which explicitly states that "the rules set forth in paragraph (c) … are applicable to any person or entity making telephone solicitations or telemarketing calls or text messages to *wireless telephone numbers*." 47 C.F.R. § 64.1200(e) (emphasis added); *see Izor v. Abacus Data Sys., Inc.*, No. 19-CV-01057-HSG, 2019 WL 3555110, at *2 (N.D. Cal. Aug. 5, 2019) (confirming 47 C.F.R. § 64.1200(e) "extends the protections afforded by subsections (c) and (d) to solicitations 'to wireless telephone numbers.'") And the Ninth Circuit has agreed with the FCC's view that cell phones are "presumptively residential for purposes of § 227(c)." *Chennette v. Porch.com, Inc.*, 50 F.4th 1217, 1225 (9th Cir. 2022). Defendant's last-ditch argument is therefore unavailing and

United States District Court
Northern District of California

does not provide a separate basis for dismissal.

**CONCLUSION**

For the reasons set forth above, the Court DENIES Defendant's motion to dismiss. (Dkt. No. 24.)

Defendant also asks the Court—for the first time in its reply—to certify the case for immediate interlocutory appeal under 28 U.S.C. § 1292(b). (Dkt. No. 29 at 6-7.) This request is improperly raised and therefore will not be considered. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (holding a "district court need not consider arguments raised for the first time in a reply brief").

This Order disposes of Docket No. 24.

**IT IS SO ORDERED.**

Dated: October 22, 2026

Jacqueline Scott Corley

JACQUELINE SCOTT CORLEY
United States District Judge